539 S.E.2d 698

**In the Matter of Russell S. STEMKE, Respondent.**

**No. 25214.**

Supreme Court of South Carolina.

Submitted Oct. 23, 2000.

Decided Nov. 20, 2000.

---

Henry B. Richardson, Jr. and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Gibbs & Holmes, of Charleston, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a definite suspension of three months. The facts as admitted in the agreement are as follows.

## *Facts*

Respondent was arrested in January 1999 for shoplifting and receiving stolen goods after he replaced the UPC price stickers on merchandise valued at $130.95 with price stickers from other items valued at $10.99.

Respondent was also charged with two counts of forgery and two counts of unlawful use of a license after two counterfeit South Carolina driver's licenses were found during an inventory search of his vehicle. Respondent admitted using the driver's licenses to obtain prescription drugs.

Respondent has identified several personal, physical and emotional problems that may have distorted his judgment in a manner that led to this incident. Respondent has successfully completed the Pre–Trial Intervention program and his arrest record has been expunged. Respondent is currently undergoing outpatient treatment for depression and drug dependency.

## *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(b) (committing a criminal act reflecting adversely on his honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(c) (engaging in conduct involving moral turpitude); and Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or bringing the legal profession into disrepute, and engaging in conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

### *Conclusion*

Respondent has acknowledged that his actions were in violation of the Rules of Professional Conduct, and has taken steps to prevent any further infractions. Prior to this incident, respondent had never been disciplined by this Court, and had never been sanctioned or issued a letter of caution by the Commission on Lawyer Conduct. Accordingly, we accept the Agreement for Discipline by Consent and hereby suspend respondent from the practice of law for three months.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

DEFINITE SUSPENSION.

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.